[Civ. No. 37069. Second Dist., Div. One. Feb. 16, 1971.]

Estate of CORA L. NAZRO, Deceased.
RAYMOND J. LORENZ, as Trustee, etc., Petitioner and Appellant, v.
SALVATION ARMY et al., Defendants and Respondents.

## COUNSEL

John W. Howard for Petitioner and Appellant.

No appearance for Defendants and Respondents.

## OPINION

**GUSTAFSON, J.**—Petitioner is the trustee of a testamentary trust. On January 15, 1970, petitioner rendered an account for the calendar year 1969 and asked for compensation of $3,450 for himself and expenses of $2,300 for fees for his attorney. The account was approved, but the court allowed compensation of $2,500 to petitioner and expenses of $1,500 for fees for his attorney. Petitioner appeals.

The trust estate at the beginning of the year consisted of cash in the amount of $12,753.07 and stocks of a fair market value in excess of $500,000. During the year petitioner received interest on the cash in a savings and loan association and dividends on the stock in the total amount of $30,589.62. He made quarterly distributions to the two life beneficiaries in the total sum of $21,061.68. The stocks in the trust estate at the end of the year were the same stocks as were there at the beginning except that

a stock split was received from one corporation and a stock dividend (with respect to which petitioner paid $25.68 to acquire a fractional share) was received from another corporation.

Petitioner's attorney prepared and filed the account and petition (13 pages), prepared quarterly accountings for the beneficiaries and supplied information to the accountant who prepared the income tax return.

█ The compensation of a trustee of a testamentary trust is governed by section 1122 of the Probate Code and the compensation of a trustee of a nontestamentary trust is governed by section 2274 of the Civil Code. If the will or the declaration of trust does not specify the trustee's compensation, each section provides that "the trustee shall be entitled to such compensation as may be reasonable under the circumstances." Here the will of the decedent did not specify the trustee's compensation. The first question on appeal is, therefore, whether the compensation fixed by the court for the trustee was a manifest abuse of the broad discretion reposed in the court to determine what amount is "reasonable under the circumstances."

█ Among factors to be considered in determining the compensation allowable to a trustee are (1) the gross income of the trust estate, (2) the success or failure of the administration of the trustee, (3) any unusual skill or experience which the trustee in question may have brought to his work, (4) the fidelity or disloyalty displayed by the trustee, (5) the amount of risk and responsibility assumed by the trustee, (6) the time consumed by the trustee in carrying out the trust, (7) the custom in the community as to allowances to trustees by settlors or courts and as to charges exacted by trust companies and banks, (8) the character of the work done in the course of administration, whether routine or involving skill and judgment, and (9) any estimate which the trustee has given of the value of his own services. (*Estate of McLaughlin* (1954) 43 Cal.2d 462 [274 P.2d 868].)

█ During the year in question, the trustee received dividend checks, made bank deposits and wrote 17 checks. In addition, he helped prepare quarterly accountings, reviewed the trust assets (and decided to leave them as they were) and consulted his attorney.

Corporate trustees in the Los Angeles area customarily charge for their services amounts calculated from a schedule of percentages of the value of various trust assets. (See *Estate of Taylor* (1970) 6 Cal.App.3d 16 [85 Cal.Rptr. 474].) The compensation sought by petitioner as trustee was calculated from such a schedule. But the custom in the community as to charges by corporate trustees is only one of many factors which the Supreme Court has said that a judge must consider. Among the other factors, the routine character of the work done stands out clearly. As to the factor of

time actually spent by the trustee, the trustee chose not to apprise the court concerning this matter. It appears, however, that what the trustee did would have consumed very few hours.

Petitioner seems to feel that if a corporate trustee had been asking for compensation, allowance would have been made on the basis of its schedule of fees. We do not share that assumption. On the contrary, there is no basis in the record for inferring that the trial court would have acted any differently had the trustee been a bank or trust company rather than an individual. ■ The Legislature has made it clear that it is the responsibility of a judge of the superior court to fix the compensation of a trustee. That responsibility is not met by unquestioning acceptance of a schedule used by a corporate trustee.

■ The record does not support the contention that the trial court abused the broad discretion vested in it awarding $2,500 to the trustee for his services.

■ Under section 1122 of the Probate Code, a testamentary trustee is entitled to "his proper expenses." One such expense is a reasonable fee for his attorney. ■ Here petitioner was allowed $1,500 for the services of his attorney. The second question on appeal is whether the trial court abused its discretion in allowing this amount.

The services performed were of the most routine nature for which no extraordinary skill was required. Again, there was a complete failure to disclose to the trial court the amount of time spent by the attorney. At the rate of $50 per hour, the amount allowed represents 30 hours of work—more than one full week of billable time for the average attorney. From what is revealed by the record, we would assume that the time spent by the attorney was considerably less than 30 hours.

■ Petitioner notes that an attorney sometimes renders his services to trustees at reduced rates because of the limited assets of the trust estates. It does not follow that when an attorney renders services to the trustee of a trust with large assets, the attorney should receive a generous fee to balance out his losses from small cases. While by virtue of section 910 of the Probate Code the "balancing out" effect is often achieved with respect to probate estates, it is significant that the Legislature has not provided a schedule of compensation for attorneys rendering services to trustees. Whether a fee for an attorney's services is reasonable must be determined from the circumstances of the particular trust estate, not by consideration of losses an attorney may have suffered in handling other trust estates. ■■ We are satisfied that the trial court did not abuse

its discretion in the allowance of expenses for services of the trustee's attorney.

The total amount allowed ($4,000) to the trustee for his services and the services of his attorney was more than 13 percent of the income from the trust for the year in question. We commend the trial court for assuming its responsibility to fix reasonable compensation and expenses by an examination of the accounting and the petition. All too often this responsibility is abdicated by granting whatever fees are sought in the petition.

The order is affirmed.

Wood, P. J., and Lillie, J., concurred.